## Ex parte CURTIS BAILEY.

No. A-8607.   Sept. 29, 1933.
(25 Pac. [2d] 718.)

J. M. Roberts, for petitioner.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges he is unlawfully restrained by the warden of the penitentiary at McAlester; that in 1931 he was convicted in the district court of Seminole county on a charge of burglary with explosives, and was sentenced to imprisonment for a term of 20 years; that petitioner did not appeal from said judgment; that he was without funds and did not know he had a right of appeal as a poor person; that he is not guilty of the crime for

which he was charged; that the evidence for the state was insufficient.

Petitioner further contends the statute under which he was convicted, section 1937, Okla. Stat. 1931, is in conflict with section 1931, Okla. Stat. 1931, and is invalid. The petition, on its face, disclosed that most of the things complained of are not jurisdictional, and are errors which can be raised only by appeal. It has been said many times by this court that a proceeding by habeas corpus cannot be used to take the place of a writ of error or an appeal. Ex parte Pike, 50 Okla. Cr. 125, 296 Pac. 529. Only those defects in the proceedings which render the judgment void or deprive an accused of due process of law can be inquired into on habeas corpus.

The contention that section 1937 is invalid as in conflict with section 1931 is without merit. Section 1937 was enacted by the Legislature in 1913 and is a statute of classification and not definition. It provides for an enlarged punishment for one who, while engaged in a burglary, uses explosives, fixing a minimum punishment of 20 years and a maximum of 50 years. Richards v. State, 22 Okla. Cr. 199, 210 Pac. 295; Ward v. State, 34 Okla. Cr. 296, 246 Pac. 664.

For the reasons assigned, the writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.