## KENNETH I. COLE v. STATE.

No. A-10638. Dec. 11, 1946.

(175 P. 2d 376.)

E. Blumhagen, of Watonga, and T. C. Knoop, of Canton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant Kenneth I. Cole was charged in the district court of Major county by informa-

tion with the crime of sodomy, was tried and convicted with the punishment left to the court. The district court thereupon sentenced the defendant to serve a term of three years' imprisonment in the State Penitentiary, and he has appealed.

In the disposition of this case, it is only necessary that to consider two of the assignments of error.

It is insisted by counsel for defendant that the court erred in refusing to give the following instruction requested on behalf of defendant:

"You are instructed that should you find and believe from the evidence in this case that the prosecuting witness consented to the alleged acts of sodomy testified to by him that then and in that event the prosecuting witness would be an accomplice to such acts, and it would thereupon be necessary that his testimony of the commission of the said acts of sodomy testified to, be corroborated by other competent evidence; and if you find from all the facts and circumstances in this case that the prosecuting witness did so consent to such acts, and if you further find from all the evidence, facts and circumstances that his testimony regarding the commission of said acts of sodomy have not been corroborated by other competent evidence, then it would be your duty to return a verdict of not guilty."

The defendant, a young minister of the Gospel, was charged with committing the crime of sodomy on the person of Roy Longhofer, a 14 year old boy, during the night of March 11, 1944, when the youth was spending the night at the residence of the unmarried defendant. The evidence showed that the defendant and the prosecuting witness had been intimately acquainted for two years or more. The mother of the prosecuting witness was a member of the congregation of defendant's church, and the prosecuting witness attended church services there with his family. Prior to the night in question, the said Roy Longhofer had slept

with the defendant on another occasion. The testimony showed that on the evening in question the defendant and a girl friend were visiting in the home of the parents of the prosecuting witness. When the defendant started to leave the home of the Longhofers, he asked permission of the parents for Roy Longhofer to accompany him to his home to spend the night, which permission was granted.

The prosecuting witness testified that shortly after they had retired for the night the defendant committed an act of sodomy with him, and that he repeated the act about daylight the next morning. That the defendant penetrated him each time. Concerning the last act, the witness testified:

"He stayed on me until he had an emission; then we got up, I took a bath, listened to the radio, Kenneth shaved and got ready for church."

As to whether any force or threats were used by the defendant, the witness testified:

"He started ramming me in a vicious manner, and he threatened me, he said I would be sorry if I ever told anybody, and he said, 'Be sure and keep quiet about what went on that evening.'"

The witness testified that after the first act was committed, he went off to sleep and was awakened about sunrise the next morning by the defendant being on him, with his arms about his waist, and attempting to commit another act. Witness weighed about 140 pounds. On cross-examination Roy Longhofer testified that he stayed with the defendant all the next day, and he went with him to church. That he did not tell anybody about what had happened for over two months.

If the prosecuting witness was an accomplice, then his testimony would have had to be corroborated before the

jury could find the defendant guilty of the crime charged in the information. Since there was no corroboration of the testimony of the prosecuting witness as to the material facts of the alleged crime, the jury would have been forced to return a verdict of not guilty if they had been instructed that if they found that the prosecuting witness had consented to the act, he was an accomplice.

In 48 Am. Jur. 552, the general rule is stated as follows:

"Where a participant in the crime against nature consents to the act, he is regarded as an accomplice, and the rules in regard to the corroboration of accomplices apply."

In L. R. A. 1915 E, 1224, it is stated:

"One who participates in the crime against nature is an accomplice, and the rules of accomplice testimony apply."

The abominable crime against nature has been compared to the crime of rape. Borden v. State, 36 Okla. Cr. 69, 252 P. 446. In some states it is provided by statute that children under a certain age are legally incapable of consenting to the act of sodomy, and so conviction may be had upon their uncorroborated testimony. People v. Camp, 26 Cal. App. 385, 147 P. 95; Kelly v. People, 192 Ill. 119, 61 N. E. 425, 85 Am. St. Rep. 323; Means v. State, 125 Wis. 650, 104 N. W. 815; Mascolo v. Montesanto, 61 Conn. 50, 23 A. 714, 29 Am. St. Rep. 170.

In Oklahoma, however, the statute (21 O. S. 1941 §§ 886, 887) does not fix an age of consent, but it provides:

"Every person who is guilty of the detestable and abominable crime against nature, committed with mankind or with a beast, is punishable by imprisonment in the penitentiary not exceeding ten years.

"Any sexual penetration, however slight, is sufficient to complete the crime against nature."

In Medis v. State, 27 Tex. App. 194, 11 S. W. 112, 11 Am. St. Rep. 192, it is stated:

"On a trial for sodomy, the testimony of the person on whom the offense was committed must be corroborated, if he consented, and the jury should be so instructed where the question of consent is in doubt."

In that admirable work on the Law of Crime by Dean William L. Burdick, Vol. 3, § 879, it is said:

"Consent is not an element of the crime of sodomy since it may be committed with or without consent. If both of the parties are adults and both consent, the active and the pathic party, then both are guilty, but if one of the parties is a young child only the adult is punishable. The crime may be committed by a husband upon his wife, but a party consenting is usually an accomplice, and ordinarily the testimony of an accomplice requires corroboration, and it has been held that a wife who consented and afterwards accused her husband would require corroboration."

The authorities seem to be unanimous in holding that the person who consents to the act is an accomplice. Counsel for the state have cited no cases to the contrary, and we have found none.

In LeFavour v. State, 77 Okla. Cr. 383, 142 P. 2d 132, in a sodomy case, although not passing directly on the question here involved, this court recognized that a witness who consents to the act may be an accomplice.

Although the prosecuting witness denies that he consented to the act, there were strong circumstances to refute this statement, and which indicated that he consented to what was done. His testimony that after the first act was committed he immediately went off to sleep in the

same bed with defendant and did not awaken until the defendant disturbed him about sunrise while attempting to commit a second act, that the witness did not yell for help or attempt to leave the premises but took a bath and listened to the radio while defendant was shaving preparatory to going to church, that he went to church with defendant and remained in his company throughout the 'day, are strong circumstances to indicate that if the act was committed it was with the consent of Roy Longhofer. If it was done with his consent, then he was an accomplice and his testimony would have had to have been corroborated by independent evidence tending to connect the defendant with the commission of the crime before the jury would have been justified in finding the defendant guilty.

As we view the record, the question as to whether the prosecuting witness consented to the act was a disputed one and should have been submitted to the jury under proper instructions. The jury should have been instructed that if they found from the facts and circumstances in evidence before them, that the witness Roy Longhofer consented to the act, if they find that the same had been committed, that the said Roy Longhofer was an accomplice.

A general instruction following the statute forbidding conviction on the uncorroborated testimony of an accomplice should have then been given (22 O. S. 1941 § 742) and a further general instruction on the sufficiency of corroborating evidence. That is, that it is not essential that corroborating evidence shall cover every material point testified to by accomplice or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated by one material fact or facts tending to connect the defendant with the crime, the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however,

must show more than the mere commission of the offense or the circumstances thereof. Hathcoat v. State, 71 Okla. Cr. 5, 107 P. 2d 825; Wilkins v. State, 70 Okla. Cr. 1, 104 P. 2d 289.

While the requested instruction submitted by counsel for defendant is not as full and complete as it should have been, it was sufficient to direct the court's attention to that question of law involved in the case and thus require the trial court to give full and complete instructions on this proposition.

There is another reason why this case would have to have been reversed. The argument of the special prosecutor was grossly improper. The record discloses that in the closing argument of the special prosecutor the following, among other things, occurred:

"Mr. A. O. Manning: (In the course of Mr. Manning's argument to the jury he said:) In examining one of the witnesses in the case Mr. Blumhagen asked him if he hired me to help prosecute this case. Now Mr. Blumhagen, I will tell you who hired me. It was the best citizens of this community and of this county that hired me. Mr. Blumhagen: Now we object to the statements of counsel in his argument and we move for a mistrial. The Court: Gentlemen of the jury, you will not consider that statement by counsel, for the reason there is no evidence supporting such statement. The motion for a mistrial will be denied. * * * Mr. Blumhagen: Exception. Mr. Manning (further said): His statement today was the same today as it was the first time he told his story; the first time he told it to the attorneys he told it to Mr. Gleason and myself, and it was the same as today; it wasn't in the language of Mr. Gleason. Mr. Blumhagen: We object to that statement by Mr. Manning and we move the court for a mistrial. The Court: The motion for a mistrial will be denied, and the statements of counsel will be stricken from the record. Gentlemen, you will not consider the statement of counsel about his story

being the same. * * * Mr. Manning: This defendant has turned the words of the Master around, when He said, "Come unto me, ye little children and be saved." The defendant says, "Come unto me you little boys and girls I will corn-hole every one of you. Mr. Blumhagen: We object to that statement by counsel as highly prejudicial. The Court: Overruled. Mr. Blumhagen: Exception."

By the first remarks counsel was seeking to impress upon the jury that all the law-abiding citizens of the county wanted the defendant convicted, and they had hired him to help prosecute. It is doubtful whether the act of the court in striking the remarks from the consideration of the jury cured the damage which was done.

No comment is necessary as to the second part of the argument hereinabove quoted wherein counsel in his argument went outside the record and testified that the statement of the witness was the same today as it was the first time he told it to him, as its impropriety is apparent. The remainder of the argument above quoted was improper and appealed to the prejudices of the jury to convict the defendant because he was a minister of the Gospel. The objection of counsel for defendant to that part of the argument was overruled.

It often occurs, as we have noticed it, in criminal cases, that special prosecutors, who have been employed by private citizens, in their zeal to convict and in their determination to earn their money, make improper arguments in their appeal to the jury. This is unfortunately true not only in this case but in nearly every other case where the county attorney permits the special prosecutor to take the lead in the case. Oftentimes the person selected as special prosecutor is a skilled lawyer who has devoted most of his time to the trial of civil cases, and who overlooks the fact that a prosecuting attorney represents the public. The

county attorney serves no private interest. His duty is to present the facts in a fair manner, and it is just as important that he shield the innocent as to punish the guilty. He may strike hard blows, but they must be fair ones. Too many special prosecutors seem to feel it their duty to secure a conviction whether the means used are fair or foul.

The above-quoted parts of the special prosecutor's argument are only a part of the statements which he made which were objectionable, but they are sufficient to show the kind of argument he was presenting, and that at least a part of it was outside the record and improper.

For the reasons hereinabove stated, the judgment of the district court of Major county is reversed and remanded, with instructions to grant the defendant a new trial.

BAREFOOT, J., concurs. DOYLE, J., not participating.