KENNETH ISAAC COLE v. STATE.

No. A-10693.   March 26, 1947.
(179 P. 2d 176.)

T. C. Knoop and E. Blumhagen, both of Watonga, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Haskell A. Holloman, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Kenneth Isaac Cole, was charged in the district court of Major county with the crime of sodomy, was tried and convicted with the punishment left to the court. The district court thereupon sentenced the defendant to serve a term of two and one-half years imprisonment in the State Penitentiary, and he has appealed.

The single proposition presented in the brief of the defendant is that the evidence is insufficient to support the judgment of conviction.

The facts in this case are in many ways similar to the facts presented to this court in another appeal by this defendant from a conviction which he sustained for the crime of sodomy, alleged to have been committed upon another 14 year old youth in Major county. That conviction was reversed because of the failure of the court to give a requested instruction and because of the improper argument of the special prosecutor. Cole v. State, 83 Okla. Cr. 254, 175 P. 2d 376.

The defendant, a minister of the Gospel, was accused of committing the crime of sodomy on the person of William O. Wright, a 14 year old boy, on June 19, 1943, while the youth was spending the night with the defendant at the defendant's home. The evidence showed that the defendant, an unmarried man, had been helping conduct a revival meeting at the church which was attended by the prosecuting witness, his mother, brothers and sisters.

William O. Wright testified that on the evening of June 19, 1943, the defendant came to his house for supper; that after supper, he and his brothers, sisters and mother accompanied by the defendant went to the church services which lasted until about 11:00 o'clock; that the witness's father at that time was working in Alaska; that after the services ended about 11:00 p.m., the parties returned to the Wright farm where they had a light lunch. The defendant then asked William if he could go home with him and cut some weeds for him the next day and witness agreed to go if it was agreeable with his mother. The defendant asked Mrs. Wright if William could spend the night with him and cut some weeds for him next day and she gave

her consent. After the witness and defendant returned to defendant's home, they went to bed in the same bed and it was shortly after they retired that the witness testified the defendant committed the acts which constitute sodomy. The acts are too vulgar to be described in this opinion, but they are almost identical with the acts which are set forth in the opinion of this court in Cole v. State, supra. The witness testified that defendant held him tight and threatened him in order to accomplish his purpose. Witness was taken home early the next morning but said that he was too embarrassed to tell his mother what had occurred and he did not relate what had occurred until several months later when the defendant evidently became involved in allegedly committing certain similar crimes.

Mrs. Wright, the mother of the prosecuting witness, corroborated the testimony of the defendant to the extent that she related the association with the defendant and the fact that defendant asked her to give her consent to her son spending the night with him so that he could cut some weeds for him the next morning. The defendant resided in the town of Ringwood in Major county, while Mrs. Wright and her family lived on a farm near Longdale. She further testified that the defendant brought her son home the next morning and she was surprised at him bringing him so soon because William had gone to defendant's place presumably for the purpose of cutting weeds. That defendant said when he brought William home that he had to go to Enid and that he would not be able to attend the services that night and excused himself and left immediately to go to Enid.

There was no testimony at all presented on behalf of defendant.

Counsel for defendant cited the case of Borden v. State, 36 Okla. Cr. 69, 252 P. 446, in which this court in affirming a conviction for sodomy recognized the analogy between the crime of sodomy and that of rape. Counsel then quoted the law of this state as set forth in the case of Gullatt v. State, 80 Okla. Cr. 208, 158 P. 2d 353, 354, in which it is stated:

"While it is the law that a conviction for rape may be sustained upon the uncorroborated evidence of the outraged female, yet, it is equally well settled that the appellate court will closely scrutinize the testimony upon which the conviction was obtained, and, if it appears incredible and too unsubstantial to make it the basis of a judgment, will reverse the judgment.

"It is the natural impulse of every honest and virtuous female to flee from threatened outrage, and, if assaulted, to make complaint at the first opportunity, and, where this is not done and no reasonable explanation is made, it is a strong, but not a conclusive, presumption against the truth of the accusation."

We recognize that the rule above quoted in Gullatt v. State, supra, as to the quantum of proof necessary to sustain a conviction for rape should likewise apply to a case of sodomy.

However, we have carefully read the testimony of the prosecuting witness. He detailed very minutely all of the acts done by the defendant and his testimony appears to be clear and convincing. Although there is no corroboration of the prosecuting witness as to the acts committed by the defendant which constitute the abominable crime of sodomy, if this court follows the rule applied in rape cases, the conviction may be sustained upon the uncorroborated evidence of the prosecuting witness, unless such testimony appears incredible and so unsubstantial as to make it un-

worthy of belief. Gordon v. State, 75 Okla. Cr. 356, 131 P. 2d 503. Malone v. State, 40 Okla. Cr. 102, 267 P. 486. Work v. State, 63 Okla. Cr. 433, 75 P. 2d 1161.

The testimony of William Wright was positive and credible. No evidence was offered on behalf of the defendant to show that any malice existed on behalf of the prosecuting witness or any member of the family, or to show that there was any motive on the part of the prosecuting witness to testify falsely against the accused.

It is our opinion that the testimony of the prosecuting witness was so substantial in its nature as to raise an issue of fact for the determination of the jury. The jurors heard the witnesses, saw their demeanor on the witness stand, heard the argument of counsel, and rendered their verdict of guilty. There is no showing nor contention that the jury acted from partiality, passion or prejudice. It is apparent that the judgment and sentence of the district court of Major county should be affirmed. It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.