Max HOBSON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12101.

Criminal Court of Appeals of Oklahoma.

Feb. 23, 1955.

John W. Tillman, Fred A. Tillman, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal from a conviction sustained by Max Hobson in the District Court of Cherokee County wherein he was sentenced to serve a term of 2 years imprisonment in the penitentiary for the crime of burglary in the second degree. Hobson was jointly charged with one Herman Eugene Wing, but a severance for trial was granted.

Several assignments of error are presented in the brief of Hobson and we shall consider them in the order of their presentation.

It is contended the trial court erred in overruling the motion of defendant for a continuance because of the alleged illness of the accused. The defendant was personally present in court at the time this motion for a continuance was presented and testified that he had "causalgia of the limb, a nerve condition." Approximately 4½ years prior to the commission of the alleged burglary, defendant was shot in the knee and his leg was amputated just above the knee and according to his testimony, it bothered him intermittently and had become so serious that he had been advised by his physician to have an operation. The accused wore an artificial leg.

The rule as to the right of an accused to a continuance because of his illness is stated in Cole v. State, 46 Okl.Cr. 365, 287 P. 782, as follows:

"The illness of an accused which may prevent him from properly presenting his defense or rendering the assistance to counsel that he otherwise would do is generally held a reasonable ground for a continuance."

In the case of Nix v. State, 20 Okl.Cr. 373, 202 P. 1042, 26 A.L.R. 1053, the facts in support of the application for a continuance were much stronger than those in the instant case. But this court held that the motion for a continuance was a matter addressed to the discretion of the trial court and that in view of the fact defendant was personally present before the trial judge and the judge had an opportunity to observe his physical condition, that the overruling of the application for a continuance was not error. See also Murphy v. State, 72 Okl.Cr. 1, 112 P.2d 438. We have carefully examined the record with reference to this motion for continuance and we do not think that the defendant made a sufficient showing that proceeding with the trial would operate to his substantial prejudice or injure his health. In fact, the defendant was personally present all during the trial and testified at length as a witness in his own behalf and there is nothing in the record to indicate that he was prejudiced in the least by being forced to trial.

The second assignment of error is that the trial court erred in overruling the motion to quash the amended information or to remand the same for a preliminary hearing.

The record discloses that the accused was originally charged in a complaint filed before a magistrate with the crime of burglary by the use of explosives. 21 O.S.1951 § 1441. At the conclusion of the preliminary examination the accused was ordered held to await trial in the district court. Thereafter an information was filed in the district court in almost identical language with that used in the preliminary complaint. Subsequently the county attorney, after securing permission to file an amended information, filed such amended information on April 2, 1954. This amended information contained the same allegations as set forth in the first information concerning the breaking and entering of the building, but it eliminated the allegation with reference to the opening of the safe in the building by the use of explosives.

With the deletion of the reference to the use of explosives, the amended informa-

tion charged only the crime of burglary in the second degree. On April 2, 1954, the defendant appeared for arraignment, was furnished a copy of the amended information and entered his plea of not guilty.

On April 13, 1954, which was the date set for trial, counsel for the accused filed a motion to quash the amended information on the ground that the amended information constituted a material variance from the preliminary complaint and that the accused had never had a preliminary hearing on the facts alleged in the amended information. At that time the court stated: "The motion now comes too late," and overruled the motion but allowed the accused an exception to his action.

▉▉ We think the trial court's ruling was proper for two reasons. First, the entry of the plea of not guilty waived any defects in the preliminary proceedings. Herren v. State, 72 Okl.Cr. 254, 115 P.2d 258, 259, wherein it was held:

. . "The entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

"After a plea of not guilty is entered upon arraignment in district court without filing a motion to quash the information, the question as to the failure to have a preliminary examination is waived and may not be raised by an objection to the introduction of evidence at the beginning of the trial."

In Sparks v. State, 71 Okl.Cr. 430, 112 P.2d 434, this court held that where the defendant upon arraignment pleads to the merits he waives the right to a preliminary examination, or if one was held, any irregularities therein. See also the following cases: Muldrow v. State, 16 Okl.Cr. 549, 185 P. 332; Lowrance v. State, 33 Okl.Cr. 71, 242 P. 862; Tucker v. State, 9 Okl.Cr. 587, 132 P. 825; Rowland v. State, 75 Okl. Cr. 164, 129 P.2d 609.

▉ Secondly, the trial court's action in overruling the motion to quash was also proper because as we view the statutes involved, the crime of burglary by the use of explosives is a statute of classification whereby one who commits burglary with explosives receives a more serious punishment than one who commits burglary without the use of explosives. In Ex parte Bailey, 55 Okl.Cr. 99, 25 P.2d 718, it was held:

"Penal Code (section 1937, Okla. Stat.1931), prescribing the punishment for the use of explosives in the commission of a burglary, is a statute of classification and not of definition."

In this case burglary by the use of explosives would have been punishable upon conviction by imprisonment in the penitentiary for a term of not less than 20 nor more than 50 years, 21 O.S.1951 § 1441, while burglary in the second degree is punishable by imprisonment in the penitentiary for not less than 2 years nor more than 7 years, 21 O.S.1951 § 1436. The allegations of the preliminary complaint contained all the essential elements of burglary in the second degree but contained the further allegation that a safe in the store building which was allegedly entered was broken open by the use of explosives.

▉ In Potts v. State, 72 Okl.Cr. 91, 113 P.2d 839, 841, this court stated:

"It has been the holding of this court that, where one is charged in a justice of the peace court by preliminary complaint and an examining trial has been had and the defendant held to the district court, the county attorney is authorized to file an information in the district court upon any reasonable charge which the facts at the preliminary examination justify * * *."

The filing of an amended information in the district court charging an offense which was an included offense under the allegations of the complaint filed before the committing magistrate did not constitute a material variance and did not operate to prejudice the accused. 22 O.S.1951 § 304.

It is next contended that the trial court erred in permitting special counsel to supersede the county attorney's office in the trial of the case. The record shows that the county attorney read the information

to the jury and made the opening statement of the case and was at all times present during the trial. It is true that special counsel largely conducted both examination and cross-examination of the witnesses.

In Miller v. State, 94 Okl.Cr. 198, 232 P.2d 651, 653, it was held:

"Attorney employed specially by injured party to assist county attorney in the prosecution is at all times subservient to the county attorney and must work under the direction and supervision of the duly elected county attorney and is subject to all the rules which govern the conduct of the county attorney. Special prosecutor should not be allowed to supersede the duly elected county attorney in the prosecution of a criminal case."

We can find nothing in the record to show that the county attorney lost control of the case or that the special counsel appearing for the State made any statement or conducted himself in such a way as to materially prejudice the rights of the accused. We are cognizant of the fact that in many counties of the State it is difficult to obtain lawyers to take the position of county attorney because of the low salaries that are paid and that in many counties the county attorneys are young graduates of a law school just recently admitted to the practice of law and that it is at their request that more mature attorneys assist them in the prosecution of serious cases in order that justice might be duly administered and the rights of the people to an enforcement of the law upheld. One of the chief criticisms directed at special counsel is the fact that they owe their obligation to private interests and oftentimes they permit their zeal to earn their fee for representing private interests to cause them to say or do things which are prejudicial to the accused, Cole v. State, 83 Okl.Cr. 254, 175 P.2d 376; Perry v. State, 84 Okl.Cr. 211, 181 P.2d 280; but no such condition as disclosed in the above cases appears in this record. Special counsel demeaned himself properly and we have found nothing in the record that would justify us in reversing the case because of the appearance and conduct of the trial by the special prosecutor.

Complaint is also made that counsel erred in the cross-examination of the defendant. In the presentation of this assignment of error in the brief, counsel do not refer specifically to the examination which is alleged was improper. We have read the cross-examination of the defendant and at only one place in the cross-examination was an objection interposed to a question asked by the prosecutor and that was after the accused had answered in the affirmative that he had been convicted of a felony and the prosecutor asked, "What were you convicted for?" to which counsel for the defendant stated, "I am going to object. I don't think that is proper." This objection was overruled and defendant stated, "For burglary." The trial court's action was proper. If there were any other alleged improper questions asked on cross-examination, no objections were interposed to them.

We have found no substantial error in this record. The proof showed that defendant and his co-defendant entered the Squyres' store building in the town of Hulbert. After entering the building through the roof, they used explosives to blow open the safe, took over $2,100 in money and other valuable papers and personal property worth several thousand dollars. The defendant was seen by the night watchman at the side of the store building at the time the officer ran to the building when he heard the explosion and defendant had some of the stolen property in his possession when he was arrested shortly thereafter. The confederate of the accused fled in an automobile when the officer approached, leaving the defendant stranded. A jury would have been gullible indeed to have believed the story related by the accused explaining his presence at the burglarized building and his possession of part of the property taken from the building. He was fortunate that he received only the minimum of 2 years imprisonment in the penitentiary. The judgment and sentence of the District Court of Cherokee County is affirmed.

BRETT and POWELL, JJ., concur.