**M. C. HOPPER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–12263.

Criminal Court of Appeals of Oklahoma.

Aug. 1, 1956.

Rehearing Denied Oct. 17, 1956.

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, M. C. Hopper, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the crime against nature, 21 O.S.1951 § 886, allegedly committed on January 12, 1955, by means of oral genital contact, Berryman v. State, Okl. Cr., 283 P.2d 558, upon the penis of Wendell Walker, age 14 years. He was tried by a jury and convicted. The jury being unable to agree on the punishment left the same to be assessed by the trial court and he was sentenced to serve 6 years in the penitentiary, from which judgment and sentence he appeals.

The evidence was conflicting and presented a question of fact for the jury. It is sufficient to sustain the verdict.

The defendant groups his first eight specifications of error. Thereunder, he urges that the Walker boy's testimony is rambling and did not specifically fix the place of the crime. On this point, the complainant definitely testified that it occurred on the highway about one or one and one-half miles from the old Limestone School where Walker attended Easter egg hunts when he was in the third or fourth grade. In any event, the jury determined the issue on sufficient evidence against the defendant. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

Next it is urged that Wendell Walker was an accomplice of the defendant. It has been held that where the victim of such a participant in the crime against nature consents to the act, he is an accomplice, and the rules as to corroboration of an accomplice apply. Cole v. State, 84 Okl.Cr. 76, 179 P.2d 176; Cole v. State, 83 Okl.Cr. 254, 175 P.2d 376. But where the evidence is clear and convincing that the outraged person was not an accomplice, corroboration is not necessary to sustain a conviction of the crime of sodomy. We are of the opinion the evidence herein is sufficiently clear and convincing, credible and positive to establish that Walker was not an accomplice. Cole v. State, supra. The evidence herein, discloses that the victim, Walker, getting off the school bus, was accosted by the defendant and asked if he would not go with him and help take some horses to the dog food plant. The boy said he would have to ask his mother, whereupon the defendant stated he had already approached Walker's mother and had gotten her permission. After taking care of his business and while defendant and Walker were alone in the defendant's automobile on the way to the boy's home, the defendant approached him about sexual practices with other boys and what sexual acts he and the boys might have engaged in. (Not the act herein complained of.) Walker's response to suggestions by the defendant that they engage in sexual acts was in the negative. Walker testified that without his consent and with no warning, the defendant unzipped Walker's trousers and proceeded to suck his penis.

Immediately after arriving home, about seven p. m., he being in tears, his mother and stepfather inquired of him what was wrong and he told them that Hopper molested him, saying he did not want to see him again, as long as he lived. He told them Hopper used his mouth on him. These utterances were clearly admissible as utterances of thought, springing from or created by the action itself. Borden v. State, 36 Okl.Cr. 69, 252 P. 446.

Nowhere in the record is there any evidence that the Walker boy consented to the act. It appears he was completely bewildered and frightened by the conduct of the defendant, a man 30 years of age and weighing 220 pounds, and Walker being a mere youth of 14. It may also be noted that Hopper had never married.

Roy Sullivan, 15 years of age, the defendant's nephew, testified that the defendant, Hopper, had boys of Roy's age, some of them from the school where Hopper taught, come to his home, near Kellyville, and that some of them slept with Hopper in Hopper's room. The defendant denied any boys ever slept with him at any time. It is difficult for us to believe his nephew would falsify about his uncle and the jury apparently were so impressed. The jury apparently believed the defendant, falsifying in this, could not be believed about the act complained of. Fear of being found out caused him to lie about this point when the truth would have been preferable.

This court has long recognized the analogy between sodomy and rape, Borden v. State, supra, and that the principles of law applicable to rape apply to sodomy. On the question of consent, in Cole v. State, 83 Okl.Cr. 254, 175 P.2d 376, 377, it was said:

"* * * the question as to whether he consented should be submitted to the jury by proper instruction." . . .

Herein, the defendant denies the act of copulation the complainant asserts occurred. It thus became a simple question of fact, under proper instructions given by the trial court. The issue was clearly drawn, the jury had to believe one or the other. They resolved the conflict in favor of Walker's testimony, which was positive and credible. Under the conditions herewith presented, the facts support the jury's finding that Kenneth Walker was not an accomplice of the defendant, and such findings are binding on the Criminal Court of Appeals. Sadler v. State, supra. . . . .

The defendant asserts that he was limited in his examination of the prosecuting witness, Walker, by the trial court in not permitting him to inquire if he had an ejaculation or emission. The court said he was not limited as to an erection, which was admitted by Walker, but only as to an emission which was immaterial. We are of the opinion the trial court rightfully excluded such cross-examination for in 21 O.S.1951 § 887 and the foregoing cases, it is held that penetration, however slight, makes out a case. Cole v. State, 84 Okl.Cr. 76, 179 P.2d 176; Cole v. State, 83 Okl.Cr. 254, 175 P.2d 376; People v. Hickok, 96 Cal.App.2d 621, 216 P.2d 140. 81 C.J.S., Sodomy, § 4, p. 375, note 39 reads:

"Since in most jurisdictions the emission of seed is unnecessary to the consummation of the crime, as discussed supra § 1 b (5), proof of emission is generally unnecessary."

58 C.J., Sodomy, § 15, p. 793; State v. Vicknair, 52 La.Ann. 1921, 28 So. 273; State v. Friedman, 124 W.Va. 4, 18 S.E.2d 653. If an ejaculation did not occur, under the proof herein, the act would nevertheless be criminal. This must be true, since the criminality aimed at is not the immediate result but the evil possibilities of misdirection of its victims into a life of sexual perversion. Under the principles of law applicable to rape, as applied herein, the end results are immaterial. In a rape case, proof of an ejaculation, or emission, is not an essential element of the crime. So also in sodomy the principle applies. Cole v. State, supra (both cases). Nevertheless, we think that the matter of an emission, even though not an element of the

crime, was a proper matter of inquiry on cross-examination, because in this type of case, where witnesses to the act, other than the participants, are seldom available, liberality should be indulged on cross-examination of the prosecuting witness. The trial court should have permitted the inquiry as to an emission, but since it is not an element of the offense, failure to do so, in the case at bar, while error, is not reversible error under this record.

 Further, the defendant complains of cross-examination relative to his being arrested. It appears that defense counsel opened up the question by asking defendant, "Have you ever been arrested?" The answer was a positive no. He likewise complains of cross-examination seeking to show distinction in his discharge from the navy (concerning which evidence was offered in chief), was other than an honorable discharge, being a discharge under honorable conditions. Both of these issues were opened by the defendant's own testimony on direct examination. It has been held, in this regard, that the opposing party may cross-examine on any fact brought out by the examination in chief. Miner v. Paulson, 60 Wash. 150, 110 P. 994. Moreover, where a defendant, in a criminal case, takes the stand in his own behalf, he may be cross-examined to the same extent as any other witness, and the extent of the examination is a matter within the trial court's sound discretion, Murphy v. State, 72 Okl.Cr. 1, 112 P.2d 438, and will not be interfered with on appeal, unless flagrantly abused. Harrold v. Territory, 18 Okl. 395, 89 P. 202, 10 L.R.A., N.S., 604. The burden of showing prejudice is on the plaintiff in error. Murphy v. State, supra. The defendant laid the foundations for the cross-examination, herein involved, in his direct testimony, Rambo v. State, 13 Okl.Cr. 119, 162 P. 449, and his cross-examination is not to be confined to mere categorical review of matters stated in direct examination, but he may be asked any question on cross-examination pertaining to the matter at issue or that goes to his credibility. Murphy v. State, supra. The matters objected to having been opened up by the defendant, the State was entitled to reasonable cross-examination going to the credibility of the witness. Under this record, we cannot say that the trial court abused its discretion in permitting the cross-examination herein complained of.

 Finally, the defendant contends that the penalty imposed is excessive. We feel that there is some merit to this contention in view of the fact that in similar cases involving this statute, 21 O.S.1951 § 886, much smaller penalties have been imposed. Moreover, there should be some degree of uniformity in the sentences imposed. Hence, under the circumstances herein involved, we are of the opinion the sentence imposed should be modified to four years, and as modified, affirmed.

JONES, P. J., and POWELL, J., concur.