Hugh G. HARDWAY, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, et al., Respondents.

No. A–14743.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1968.

Hugh G. Hardway, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Hugh G. Hardway has petitioned for a writ of habeas corpus to release him from his present incarceration in the Oklahoma State Penitentiary. Petitioner alleges as his sole ground for relief that the judgment and sentence pursuant to which he is presently incarcerated is void because he was given a definte sentence of five years rather than being sentenced under the terms of the Indeterminate Sentence Act, 57 O.S. Supp.1968, §§ 353–356.

The records of the Court Clerk of the District Court of Oklahoma County indicate that Petitioner plead guilty for a concurrent sentence of five years to five charges of Second Degree Forgery on January 5, 1967, Case Nos. 32290, 32291, 32292, 32293, 32294.

 Petitioner is without grounds to complain that the judgment and sentence rendered against him is invalid for the reason that he was not sentenced under the provisions of the Indeterminate Sentence Act. We take note of the fact that in 1963 the Attorney General of Oklahoma ruled in Opinion No. 63–484:

"This act [57 O.S.Supp.1967, §§ 353–356] does not require the court to use the indeterminate sentence in all instances, but provides an optional alternative in the imposition of sentences in criminal cases."

Subsequently, in 1966 this court ruled in Cooper v. State, Okl.Cr., 415 P.2d 1009:

"The Indeterminate Sentence Act provides the court with a 'discretionary alternative' in sentencing individuals to terms of imprisonment, which is applicable in jury trials, as well as those in which defendant knowingly enters a plea of guilty."

Petitioner alleges that he was not informed of Indeterminate Sentence Act. However, the failure to inform a defendant of the Indeterminate Sentence Act does not violate any constitutional right where the defendant voluntarily enters a plea of guilty.

After a complete review of Petitioner's application we find no grounds which would support habeas corpus release and, accordingly, the request for a writ of habeas corpus is hereby denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.