**Sammy SNAKE, Petitioner,**

v.

**Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.**

**No. A–16608.**

Court of Criminal Appeals of Oklahoma.

June 23, 1971.

Sammy Snake, pro se.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge:

Sammy Snake, hereinafter referred to as Petition, filed an application for habeas corpus, which we docketed as an attempted appeal from denial of post conviction appeal in the trial court. Thereafter, an Order for the State to respond was duly entered herein, and the State has accordingly filed such Response. Attached to said Response is a copy of the Order entered by the trial court denying post conviction relief; said Order being entered on the 15th day of December, 1970. This Petition was filed on the 21st day of April, 1971, long beyond the time within which an appeal could have been perfected from the Order

entered by the trial court, under the provisions of 22 O.S. § 1080 et seq., and Rule 4.2(C) of this Court.

The single allegation which petitioner relies upon is the provision of 57 O.S. Supp. § 353. He urges that since he was sentenced to serve an indeterminate term of from five to ten years imprisonment, his sentence is illegal in that it violates the provisions of 57 O.S.Supp. § 353, the same providing:

> "In all cases where a sentence of imprisonment in the petitentiary is imposed, the court in assessing the term of the confinement may fix a minimum and a maximum term, both of which shall be within the limits now or hereafter provided by law as the penalty for conviction of the offense. The minimum term may be less than, but shall not be more than, one-third of the maximum sentence imposed by the court. *Provided, however, that the terms of this act shall not limit or alter the right in trials in which a jury is used for the jury to assess the penalty of confinement and fix a minimum and maximum term of confinement, so long as the maximum confinement be not in excess of the maximum term of confinement provided by law for conviction of the offense."* [Emphasis added].

Petitioner apparently ignores the underlined portion of the statute which authorizes the jury to impose a minimum and maximum punishment, providing only that the maximum may not exceed the punishment authorized by law. It is readily apparent that the provision relied on by the Petitioner that the minimum punishment may not exceed one-third of the maximum punishment is a limitation placed on the trial judge and not on the jury.

We are of the opinion, and therefore hold, that an indeterminate sentence imposed by the jury fixing the minimum punishment at five years imprisonment, and the maximum at ten years imprisonment for the offense of Robbery by Force,

is authorized by law under the provisions of 57 O.S.Supp. § 353.

Petitioner's attempted appeal from a denial of post conviction relief, and habeas corpus is accordingly denied.

BRETT, J., concurs.