**Terry Lee RADCLIFF, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16871.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1971.

Rehearing Denied Dec. 10, 1971.

Andrew T. Dalton, Jr., Appellate Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Terry Lee Radcliff, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Robbery with Firearms, After Former Conviction of a Felony. His punishment was fixed at a term of twenty-five (25) to seventy-five (75) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Dale Duckworth testified that he was on duty at the Quick-Trip Store in Tulsa in the early morning hours of December 26, 1970. The defendant came in

at approximately 1:15 to 1:25 a. m., and asked if he had seen "John." Duckworth replied that he did not know who "John" was, and the defendant proceeded to describe him. The defendant then asked if there was anybody in the store. Duckworth answered in the negative, and the defendant pulled a blue revolver out of his pocket, and demanded money from the cash register. Duckworth complied and gave the defendant $82. The defendant ordered the witness not to call the police for five minutes and to tell them that "two colored boys had robbed him." The defendant then stated if he was caught, he would send his brother back to kill Duckworth. The defendant backed out of the door and ran around to the front of the store. Duckworth called the police, and upon their arrival gave a detailed description of the defendant. On cross examination, Duckworth testified that he observed the defendant the following morning in a lineup, and that he definitely remembered the defendant because of the scar on his lip.

Gregory Stevens testified that he was working on a part-time job in a parking lot across the street from the Quick-Trip Store at the time of the robbery. He looked out toward the store and saw the silhouette of a person running across the front of the store, and observed the person getting into a 1965 or 1966 Ford automobile which was idling. He went directly to the Quick-Trip Store and gave a description of the car to the police when they arrived.

Officer Vance testified that he received a radio dispatch and went to the Quick-Trip Store, arriving there at approximately one minute after he received the call. He obtained information concerning the crime, a physical description of the suspect, and a description of the car, which was put on the air immediately.

Officer Sherl testified that after receiving information on his radio concerning an armed robbery and a description of the suspect and his car, at approximately 1:30 a. m., he observed a car fitting the description traveling north on Boulder, going approximately fifty miles an hour. He turned on his red light and siren and stopped the defendant's vehicle. As he approached the vehicle, he observed that the defendant was driving with another person seated in the front seat. Officer Sherl opened the car door and observed a loaded gun lying on the floor between the defendant's fee. He removed the defendant from the vehicle and placed him inside the police unit. The defendant was subsequently taken to the police station, wherein $82, in assorted bills, was found inside the defendant's underwear.

The defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition asserts that the punishment is excessive and is, so as a proximate result of a highly improper argument of the prosecuting attorney. We have carefully examined the alleged improper argument, and after considering such, are of the opinion that the defendant's proposition is well taken. The prosecuting attorney's comments concerning bomb threats, bombings and shootings involving judges, a witness in another trial from Bristow, Oklahoma, and prosecutors are clearly outside the Record and are prejudicial and highly improper. Though the fact that the comments were made in the second stage, after the defendant had already been found guilty, and further, that the comments were not objected to by the defendant, we are of the opinion that the entire closing argument was so prejudicial as to cause reversal. We have previously held that improper remarks of the prosecuting attorney can be cured by modification when the evidence of guilty is clear. Mitchell v. State, Okl.Cr., 408 P.2d 566. In the instant case, evidence of the defendant's guilt is overwhelming.

■ The next proposition contends that the trial court erred in giving supplemental instructions to the jury in the second stage over objection. The Record reflects that the jury doing the liberation asked the trial court, "What part of a minimum sentence must the person serve before he is eligible

for a parole?" (Tr. 167) The trial court prepared two written supplemental instructions with which to answer this question as follows:

"Instruction No. One: The statutes of the State of Oklahoma provides as follows in part: Upon the commitment to imprisonment of any prisoner the pardon and parole board shall cause a continuing study to be made of the prisoner. When the prisoner has served the minimum sentence imposed, or as soon thereafter as he or she can be heard, the pardon and parole board shall hear the prisoner's application for parole and shall make such recommendation to the Governor as in its discretion the public interest requires. Nothing herein contained shall be construed to prevent a hearing by the pardon and parole board before the minimum term has been served.

"Instruction No. Two: The constitution of the State of Oklahoma provides in part as follows: The Governor shall have the power to grant, after conviction, and after favorable recommendation by a majority vote of the pardon and parole board, commutations, pardons and paroles for all offenses, except in cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law."

We have previously held that it is error to instruct the jury as to matters which are within the purview and discretion of the executive branch of the government. French v. State, Okl.Cr., 397 P.2d 909; Williams v. State, Okl.Cr., 461 P.2d 997. Because the supplemental instructions were given after the jury had determined defendant's guilt, we do not deem the same to be reversible error.

The final two propositions assert the trial court erred in instructing the jury as to an indeterminate sentence, and further, that the indeterminate sentencing act is unconstitutional. We have carefully examined the propositions, and are of the opinion

that they are without merit. See Hardway v. Page, Okl.Cr., 446 P.2d 72 and Snake v. Page, Okl.Cr., 486 P.2d 762.

In conclusion, we are of the opinion that because of the prejudicial argument of the prosecuting attorney and the giving of the improper instruction that justice would best be served by modifying the judgment and sentence to a term of ten (10) to thirty (30) years, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

NIX and BRETT, JJ., concur.