**Ronald Eugene SIER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–73–148.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1973.

E. Terril Corley, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Ronald Eugene Sier, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, State of Oklahoma, for the offense of Sodomy, After Former Conviction of a Felony. His punishment was fixed at thirty-five (35) years in the state penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

. The evidence as presented by the State of Oklahoma showed that on the 30th day

of November, 1972, Robert, age eighteen (18), and his twelve (12) year old friend, Jimmy, were hitchhiking on North Peoria Avenue in Tulsa, Oklahoma. At approximately 5:30 p. m., a carload of males, including the defendant, picked them up. The defendant stated that he was going toward Skiatook but would have to go by his sister's house first. They then went by a house where the defendant pretended to put water in the radiator of his automobile. Upon stopping, three of the individuals left the car with only the defendant, a companion and the two State's witnesses, Jimmy and Robert, remaining. The defendant then drove them to some railroad tracks where they parked. Robert testified that the defendant then threatened to do bodily harm or kill Jimmy if he, Robert, did not commit the act of oral sodomy upon the defendant. He further stated that upon these threats he committed the act. The defendant then ordered him out of the automobile and took him approximately one hundred yards from the automobile where he was instructed to take down his pants, but at this time someone yelled and the two returned to the car and drove off. The two witnesses were released at another location shortly thereafter, noted the license number of the automobile, and immediately called the police.

Jimmy's testimony was substantially the same as Robert's with the exception that he did not hear any threats being made. He stated that he was in the front seat; that Robert and the defendant were in the back; that he could not hear what they were saying; and that he was afraid.

The defendant subsequently took the witness stand and denied the acts complained of ever took place. The defendant stated that he picked the witnesses up and told them that he would take them as far as he was going. He first went by his sister's house to put some water in the radiator and then returned to Peoria Avenue and let them out at the intersection of Peoria and Apache.

The defendant's first contention urges that the trial court committed reversible error in overruling defendant's demurrer to the evidence based on insufficient corroboration of an accomplice's testimony. In support of his contention, the defendant argues that there was insufficient evidence to prove that Robert was forced to commit the act out of fear of his or Jimmy's bodily harm or death; citing Cole v. State, 83 Okl.Cr. 254, 175 P.2d 376, wherein it was held that where a passive participant in the crime against nature consents to the act he is an accomplice whose testimony must be corroborated.

■ However, a thorough reading of the record in the instant case reflects that there was sufficient evidence presented by the State to prove that Robert acted in response to threats of bodily harm or death for himself and his younger companion. Therefore, Robert was not a consenting participant and it was unnecessary for his testimony to be corroborated. See Hill v. State, Okl.Cr., 368 P.2d 669, wherein this Court, citing Hopper v. State, Okl.Cr., 302 P.2d 162, held as follows, to-wit:

" 'Conflicting evidence in a criminal case presents a question of fact for the jury.

" 'Where the evidence is clear and convincing that the outraged person was not an accomplice, corroboration is not necessary to sustain a conviction of the crime of sodomy.

\* \* \* \* \* \*

" 'Where the evidence supports the jury's finding that the victim in a sodomy case was not an accomplice of the defendant, such findings are binding on the Criminal Court of Appeals.' "

The defendant's first proposition in error is without merit.

■ The defendant next urges that the trial court committed error in allowing the

prosecuting attorney to make improper comments during final argument which resulted in an excessive sentence. The statements complained of are as follows:

"* * * Now, in the Instructions in this proceeding you were told not to let sympathy, sentiment or prejudice enter into your deliberations and, ladies and gentlemen, I would ask that if you feel any sympathy, if you feel any sympathy I would ask that you feel the sympathy for Jimmy * * *, for Robert * * *."

and,

"Another factor, let's look to the message that can be conveyed by your actions today. Let's look to the message that you can convey to other would-be criminals in Tulsa County. This is your opportunity to be mean. This is your opportunity, if you have ever been mean a day in your life, to be mean." (Tr. 58 and 60)

We believe the defendant's contention to be well-founded.

To encourage a jury to be "mean" is to ask a jury to disregard its oath to "well and truly" try a cause and to further disregard the trial court's instructions to "not let sympathy, sentiment, or prejudice enter" into its deliberations and return a verdict "as the evidence warrants."

In the instant case, the improper remark was made during the second stage of the proceeding and after the jury made its determination of guilt. In Radcliff v. State, Okl.Cr., 490 P.2d 1398, this Court held that improper remarks of the prosecuting attorney can be cured if the evidence of guilt is clear. We are, therefore, of the opinion that because of the prejudicial argument of the prosecuting attorney, that justice would best be served by modifying the judgment and sentence to a term of twenty (20) years, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.