**Ismeal COSTILLA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–429.**

Court of Criminal Appeals of Oklahoma.

April 8, 1980.

---

Demetri Anastasiadis, Asst. Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Ismeal Costilla, hereinafter referred to as defendant, was charged, tried

and convicted in the District Court, Oklahoma County, for the offenses of Rape in the First Degree, Case No. CRF–77–3174, in violation of 21 O.S.1971, § 1111 and Oral Sodomy, Case No. CRF–77–3175, in violation of 21 O.S.1971, § 886. His punishment was fixed at fifteen (15) years' imprisonment in Case No. CRF–77–3174 and one (1) year imprisonment in Case No. CRF–77–3175. From the aforesaid judgments and sentences, an appeal has been perfected to this Court.

The evidence of the State established that in the early morning hours of August 13, 1977, the prosecutrix was awakened by a noise at her kitchen window. She moved the curtains and observed a masked man cutting her window screen. The man broke the window and jumped into the house. She struck him in the head with a baseball bat. The man took her into the bedroom and put a pillowcase over her head. He forced her to commit oral and anal sodomy, masturbate with a baseball bat and then raped her. He threatened to kill her if she told anyone. After he left the house, she called the police and went to University Hospital where she was examined by a doctor. She gave a description of her assailant to the police and directed them to the defendant's house, three doors down.

Defendant was arrested several hours later, at his residence. He had cuts on his arm and a knife was found on his person. The following day defendant, after being advised of his constitutional rights, admitted breaking into the house and forcing the prosecutrix to commit the various sex acts. Forensic evidence established that sperm found in the prosecutrix's vagina was that of a person having the same blood type as the defendant.

Defendant testified that he went to the prosecutrix's house because he "thought she had something going for him." He cut the screen so as to be able to knock on the window to get her attention. He became frightened and he jumped through the window. She did not resist him in any way and they kissed and fondled each other. He admitted having sexual relations, but denied any other sexual acts. He further denied confessing to such acts to the police officer.

Defendant asserts in the first assignment of error that the prosecuting attorney made improper remarks in his closing argument concerning defendant's right to remain silent after arrest.

We agree that as a general rule it is improper for a prosecuting attorney to comment on an accused who has exercised his right to remain silent. See *Sisk v. State*, Okl.Cr., 487 P.2d 1003 (1971) and *Tilford v. State*, Okl.Cr., 437 P.2d 261 (1967). Such rule is not applicable in the instant case, however, in that defendant, at first, exercised his right to remain silent, but then waived the same and gave a confession to the police officer. Under such circumstances defendant could not have been prejudiced by any impermissible inferences which might have been drawn from the prosecuting attorney's remarks as to his right to remain silent. See *Lott v. State*, Okl.Cr., 586 P.2d 70 (1978).

Defendant contends in the second assignment of error that the prosecuting attorney made other improper remarks during closing argument as follows:

"I can say this to you, Ladies and Gentlemen. This man acted like an animal out there.

"MR. RALPH SAMARA: Just a minute, Judge. We object to that. We ask the Court to admonish the jury not to consider that and we ask for a mistrial.

"THE COURT: Overruled.

"MR. RALPH SAMARA: Exceptions.

"MR. FLAUGHER: If you, the people of this county, want these kind of people to dictate in our county, Ladies and Gentlemen, then leave these animals on the street. If you don't, have them caged where they belong. The only cage you have got here is the State Penitentiary at McAlester."

Although this Court usually does not condone the use of such forceful language, the evidence offered by the State tends to support the conclusions of the prosecutor. See

*Ramos v. State,* Okl.Cr., 445 P.2d 807 (1968) and *Watts v. State,* Okl.Cr., 487 P.2d 981 (1971).

■ Defendant urges in his third assignment of error that the trial court erred in allowing a doctor to testify that the prosecutrix stated that she had been raped. This contention is without merit, since statements made for purposes of medical diagnosis or treatment which describe medical history or the general cause of an ailment is exempt from the hearsay rule. See *Smith v. Smith,* Okl., 311 P.2d 229 (1957); Wigmore on Evidence §§ 1718 and 1719 (Chadbourn Rev. 1976); McCormick on Evidence § 292 (2d ed. 1972).

■ Defendant alleges in the fourth assignment of error that the trial court erred in not submitting his requested instruction to the effect that a prosecutrix's testimony must be corroborated, if her testimony is found by the jury to be inherently improbable. We are of the opinion that this assignment of error is patently frivolous. The testimony of the prosecutrix was not unbelievable, but rather was quite clear and credible. Her testimony was further corroborated by the testimony of the officer that investigated the scene, the officer that obtained a confession from the defendant, and the testimony of the examining doctor. Under such circumstances the trial court did not err in refusing defendant's requested instruction. See *Lee v. State,* Okl.Cr., 485 P.2d 482 (1971); *Moore v. State,* Okl. Cr., 501 P.2d 529 (1972) and *Gamble v. State,* Okl.Cr., 576 P.2d 1184 (1978).

■ Defendant asserts in the fifth assignment of error that the trial court erred in not instructing the jury that the prosecutrix's testimony in regard to the oral sodomy must be corroborated. Defendant argues that under the provisions of 21 O.S. 1971, § 886 that a victim who consents to an act of sodomy is an accomplice and that the rules as to corroboration of an accomplice applies. We agree that such is a correct statement of law. See *Cole v. State,* 83 Okl.Cr. 254, 175 P.2d 376 (1947) and *Hopper v. State,* Okl.Cr., 302 P.2d 162 (1956). We disagree however that such rule is applicable to the instant case. Defendant's defense as to the oral sodomy was not that the prosecutrix consented, but rather that such act was not performed. We thus conclude as in the preceding assignment of error that the trial court did not err in refusing defendant's requested instruction on corroboration.

■ Defendant contends in the sixth assignment of error that the trial court erred in not giving his requested instruction to the effect that unless the jury was convinced beyond a reasonable doubt that the prosecutrix did not consent to the sexual intercourse that they should acquit. Although defendant admits that the prosecutrix did not vocally consent to the intercourse, he argues that her conduct manifested her consent in that she "had come to his house in a shift," and she looked at him "seductively and that she raised herself up to allow him to remove her panties." We are of the opinion that such actions by the prosecutrix did not constitute consent. In speaking to a similar issue in *Bosin v. State,* Okl.Cr., 565 P.2d 1061 (1977) we stated:

"From a thorough reading of the transcript we find little evidence to bolster defendant's argument. No where in his testimony did defendant state that the prosecutrix gave her affirmative consent. Even from his own testimony the closest he can come to consent is when he stated she 'raised up' when he moved to take off her underpants (Tr. 96) and the following colloquy occurring at Tr. 99:

'Q. Did you think this was something she wanted to do?

'A. Yes . . . '

"This Court is not impressed with defendant's contention that these incidents indicate affirmative consent, and so we find the trial court did not err in refusing his requested instruction. . . ."

The jury was instructed on the material elements of rape and that they could not convict defendant absent a finding of resistance by the prosecutrix.

■ Defendant urges in the final assignment of error that the trial court erred in

refusing to instruct on the lesser included offense of assault and battery and assault with intent to rape. We must again disagree. The evidence of both the State and the defendant did not necessitate the giving of such instructions. See *Gamble v. State*, Okl.Cr., 576 P.2d 1184 (1978) and *Parrott v. State*, Okl.Cr., 522 P.2d 628 (1974).

The judgments and sentences are *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.