**John Walker LUCERO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–514.**

Court of Criminal Appeals of Oklahoma.

April 14, 1986.

Michael D. Clark, Clark Law Offices, Inc., Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, John Walker Lucero, was convicted by a jury in the District Court of Comanche County, Case No. CRF–83–510. for the crime of Rape in the First Degree, Burglary in the First Degree, and two counts of the Crime Against Nature. The jury returned verdicts of guilty on all counts, and set punishment at thirty (30), eight (8), ten (10) and ten (10) years imprisonment. He also was convicted for misdemeanor Assault and Battery, and the jury set punishment for that offense at thirty (30) days imprisonment in the county jail, and a $100.00 fine. The trial court sentenced the appellant in accordance with the jury's verdict. From this judgment and sentence imposed, the appellant has perfected his appeal to this Court. We affirm.

Sometime during the early morning hours of July 22, 1983, P.M. awoke to find a strange man sitting on the side of her bed. Frightened, she told the man to leave. When the man refused to leave, P.M. woke her five-year-old son, who was sleeping in the bed with her, and told him to run for help. He was grabbed by the intruder, who choked him, and told P.M. to tell the boy to be quiet "... or I'm going to choke him to death." P.M. complied with the intruder's request. When the intruder attempted to remove P.M.'s clothes, she resisted. The man then slapped and hit her. Out of fear for her life, P.M. submitted to vaginal, anal and oral intercourse with the intruder. Finally, the intruder, who appeared intoxicated to P.M., passed out on her bed. P.M. gathered her children, ran to a downstairs apartment, and summoned the police. The police found appellant asleep on P.M.'s bed. When appellant was brought down the stairs, P.M. was able to see him clearly for the first time. Appellant testified at trial that he had been drinking that evening with friends. Later in the evening, he lost consciousness, and could not remember what occurred. On cross-examination by the State, appellant admitted he could not deny P.M.'s testimony.

### I.

In his first assignment of error, the appellant maintains the trial court erred in failing to direct a verdict of acquittal for the counts of rape and crime against nature. He claims the State was required to corroborate the testimony of P.M. regarding the events of the evening in question, and the State failed to meet this burden. We disagree.

Whether the crime charged is rape or the crime against nature, we have held "the conviction may be sustained upon the uncorroborated evidence of the prosecuting witness, unless such testimony appears incredible and so unsubstantial as to make it unworthy of belief." *Moore v. State*, 501 P.2d 529, 532 (Okl.Cr.1972), quoting *Cole v. State*, 84 Okl.Cr. 76, 179 P.2d 176, 178 (1947). Testimony is rendered "incredible and ... unsubstantial," *id.*, when it is "contradictory, uncertain, improbable, or impeached." *Holding v. State*, 568 P.2d 332, 334 (Okl.Cr.1977).

Appellant makes no showing that P.M.'s testimony was either contradictory, uncertain, or impeached. To the contrary, the record shows P.M.'s testimony remained consistent on all essential points, even after a somewhat lengthy and probing cross-examination. However, appellant asserts

that the testimony was improbable, for two reasons: First, P.M.'s son was unable to identify the appellant; and, second, no seminal fluid or sperm cells were found in P.M.'s vagina, anus or mouth. We do not believe either asserted basis renders the testimony improbable. Regarding the first allegation, testimony indicated that the apartment was dark. In fact, P.M. stated it was only as police removed appellant from her apartment that she was able to see him clearly. Concerning the second assertion, the testimony of the prosecutrix was that appellant did not ejaculate during any of the sexual acts committed. P.M. testified that the man committed the various sexual acts because he was unable to achieve "satisfaction." This testimony sufficiently explained why no semen was found in P.M.'s body. This assignment of error is without merit.

## II.

■ The appellant claims in his fourth assignment of error that the evidence presented did not support his conviction for burglary in the first degree. We again disagree. The elements of Burglary in the First Degree may be proven by circumstantial evidence, as appellant concedes. *Brief of Appellant* at 20, citing *Barrett v. State*, 674 P.2d 59 (Okl.Cr.1984). *See also Myers v. State*, 654 P.2d 1073 (Okl.Cr.1982). An essential element of burglary is an unlawful breaking and entering. *See Myers v. State, supra*. Although appellant claims this element was not shown by competent evidence, testimony revealed entry was accomplished through the apartment door, and fresh scratch marks were discovered on the door frame near the latch. This constituted sufficient evidence of a breaking and entering to support the verdict. This assignment of error is without merit.

## III.

■ Next, appellant claims the trial court erred in admitting photographs of P.M. as she appeared after the rape and sodomy. The photographs show bruising around P.M.'s left eye.

Our statutes define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 12 O.S.1981, § 2401. Relevant evidence is excluded only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise." 12 O.S.1981, § 2403.

The photographs in question supported the State's argument that the sexual acts were forced by appellant upon an unwilling victim, and therefore, supported the element of force required for a conviction under 21 O.S.1981, § 1114. The photographs also corroborated P.M.'s testimony that she was struck by appellant. Furthermore, the photographs were not so prejudicial as to require exclusion under 12 O.S. 1981, § 2403. This assignment of error is without merit.

## IV.

Appellant's second assignment of error alleges irregularities in the prosecutor's argument denied him a fair and impartial trial, thus requiring modification of the sentences imposed, or a new trial. However, we find no contemporaneous objection to any of the comments challenged on this appeal, and "since we are unable to conclude 'that their combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings', we will not reverse." *Glass v. State*, 701 P.2d 765, 770 (Okl.Cr.1985), quoting *Freeman v. State*, 681 P.2d 84, 85 (Okl.Cr.1984). Furthermore, we cannot say that these prosecutorial comments were so improper as to render the sentences excessive. Nor will we say that the trial court erred in ordering the sentences to be served consecutively. *Glass v. State, supra*.

Accordingly, for the foregoing reasons, the judgment and sentence of the District

Court should be, and hereby is, AFFIRMED.

BRETT and BUSSEY, JJ., concur.