## BUD TEMPY v. STATE.

No. A-1556.   Opinion Filed May 24, 1913.

(132 Pac. 383.)

1. **APPEAL—Sufficiency of Evidence.** Where the verdict of the jury has been approved by the trial court, and there is evidence in the record to support the verdict, this court will not review the evidence to determine its weight or sufficiency.

2. **EVIDENCE—Admission of Evidence—Other Offenses.** Evidence is admissible that tends directly to prove the defendant guilty of the offense charged, although it may also tend to prove another offense, where the two offenses are so linked together in point of time or circumstances that one cannot be fully shown without proving the other.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

Bud Tempy was convicted of a violation of the prohibitory law, and he appeals. Affirmed.

*McGuire & Smith,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

DOYLE, J.   Plaintiff in error, Bud Tempy, was convicted of unlawfully selling whisky, and was on September 18, 1911, sentenced to be confined in the county jail for 30 days and to pay a fine of $50.

The assignments of error relied upon for a reversal of the judgment are based upon the rulings of the court on the admission of alleged incompetent and prejudicial testimony, and that the evidence is insufficient to support the verdict.

The information charges the sale of a half pint of whisky to Charles Biggs, at Meridian, on July 4, 1911, by the defendant. Biggs testified that he saw the defendant at that time at Meridian and there bought from him the liquor, paying him

50 cents for it. Over the objection of the defendant, he was permitted to testify that the defendant gave whisky to other persons present at the time. Melvin Killough testified that he was present at Meridian at the time, and over the objection of the defendant he was allowed to testify that the defendant furnished whisky to those present. The defendant was a witness in his own behalf and denied that he sold Biggs any whisky, and testified that the relations between himself and Biggs have been unfriendly for some years past, because he at one time had Biggs arrested.

It is contended that under *Smith v. State,* 5 Okla. Cr. 67, 113 Pac. 204, the court erred in admitting evidence of other sales. In the Smith case it is said:

"Where the state charges and relies upon a particular sale, the general rule is that proof of other sales, for the purpose of establishing the particular sale charged, is not admissible. The issue on a criminal trial is single, and the testimony should be confined to the issue; and on trial of a person for one offense the prosecution cannot aid the proof against him by showing that he committed other offenses."

We think the rule in the Smith case has no application here. Evidence covering the commission of other offenses is always admissible when two crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other. The transaction with Biggs and the promiscuous drinking taking place are really one and the same transaction, or at least so connected in the minds of the witnesses as to make it almost, if not quite, impossible for a statement of the one to be made without the other. Under these circumstances, the court properly held that evidence of sales other than the one charged in the indictment was admissible in evidence as a part of the *res gestae.* But when the court charged the jury it instructed them that previous sales, other than the one charged in the information, should not be considered by them in arriving at their verdict as to the guilt or innocence of the defendant. Under the evidence, the furnishing of whisky, other

than that specifically charged to have been sold, can hardly be considered as involving the question of previous sales, for in point of time this was merely a coincident circumstance. The admission of evidence coincident and contemporaneous with the sale to Biggs, of persons drinking whisky furnished by the defendant, was properly a part of the case. Biggs alone testified to having made a purchase, and no other purchase is shown, unless a purchase can be assumed to have been made because other persons present were drinking. The Smith case involves specific, definite sales, and the rule therein declared has no application to the facts in this case.

As to the sufficiency of the evidence to support the verdict, there is evidence that the sale was made as charged in the information. Where the evidence is conflicting and there is evidence in the record to support the verdict, and the verdict has been approved by the trial court, this court will not review the evidence to determine its weight and sufficiency.

Finding no error in the record, the judgment of the superior court of Logan county is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.