Grady Lee SISK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15986.

Court of Criminal Appeals of Oklahoma.
July 28, 1971.

Don Anderson, Public Defender, Carroll Womack, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Grady Lee Sisk, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for two offenses of Indecent Proposal to a Child; his punishment was fixed at ten years imprisonment in Case No. CRF–70–203, and five years imprisonment in Case No. CRF–70–204, and from said judgments and sentences a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. The defendant did not testify, nor was any evidence offered in his behalf. The sole proposition asserts that the District Attorney wrongfully commented upon defendant's failure to testify during his closing argument. The record reflects the following transpired during the closing argument of the State:

[BY DISTRICT ATTORNEY, MR. WISE]

"And, of course, the unfortunate thing about it in this kind of case, there is never any eyeball witnesses standing around listening to all this. The only thing you have got is two little girls. But, you must remember this, that there is absolutely no testimony—no testimony whatsoever to refute any part of what they said.

You can believe or disbelieve—that's your job. That's your duty, of course, but you must remember there is nothing to refute and, if course, the defendant did not make an announcement in your presence that he did not need to take the stand, but he has that right. He can do it if he wants to. I don't want you to think he did not have that right. He

does, and the testimony is not refuted in any manner whatsoever." (T. 31–32)

██ We concur with the defendant's contention that such statements do, in fact, constitute improper comments upon defendant's failure to testify. Title 22, O.S.1961, § 701 provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; *if commented upon by counsel it shall be ground for a new trial."* [Emphasis added.]

The defendant further objects to improper argument by the prosecuting attorney wherein he stated:

[BY DISTRICT ATTORNEY, MR. WISE]

"Like I told you before, there are no witnesses except the participants. You can either believe or disbelieve, *but I believe them.* We take an oath to follow the law. My office does and we present the evidence to you the best we know how for kids like that—little children, and of course, you took an oath as a juror." (T. 33) [Emphasis added.]

██ We further concur with defendant's contention that this argument is improper. It is highly improper for an attorney to attempt to reinforce a witness's testimony by stating that he personally believes the validity of the witness.

This case presents another unfortunate situation, as the evidence of the defendant's guilt is overwhelming, but regardless of his guilt, he is entitled to the same fair trial as other citizens of the State of Oklahoma. We are of the opinion, from the situation here presented, that the defendant has not been afforded such treatment.

Therefore, the judgments and sentences are hereby vacated and the cases are reversed and remanded for new trials.

NIX and BRETT, JJ., concur.