**Bernard French ELLIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-17598.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Bernard French Ellis, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Oklahoma, of the offense of Burglary in the Second Degree; his punishment was fixed at four (4) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Susan Kay Laughlin testified that on June 15, 1971 she was at Lincoln Park in Oklahoma City having a picnic. After finishing eating lunch, they started loading the things back into the vehicle when she noticed two persons, whom she identified in court as the defendant and co-defendant Preston, walk by and enter a nearby restroom. They emerged from the restroom and walked by her car. Each defendant opened one of the front doors, grabbed the purses from the car and ran. She testified that she was approximately six feet from the defendants when they first walked by and twenty-five feet away at the time they opened the doors of the car. At the Co-defendant Preston's preliminary hearing, she observed the defendant present as a bystander and pointed him out to the authorities.

Becky Lee Ertel testified that on the day in question she was with Mrs. Laughlin and their daughters at the picnic. She identified the defendant and Co-defendant Preston as being the two persons who took the purses from the car. She also observed the defendant at Preston's preliminary hearing as a bystander and also pointed him out to the Assistant District Attorney.

Defendant testified that on June 15, 1971 he was living in Detroit, Michigan and had been for approximately three years. He testified that he was employed by the Chrysler Corporation until he was laid off in February, at which time he commenced drawing unemployment compensation. He testified that he arrived in Oklahoma City on June 28, 1971. He denied breaking into Mrs. Laughlin's car and taking her purse.

William Culpepper testified that he was office manager of the local State Employment Service and identified a record which indicated that on June 29, 1971, defendant filed a claim for his Michigan unemployment compensation to be forwarded to the State of Oklahoma. He testified that the record was based on information furnished by the defendant.

The first proposition asserts that the evidence is not supported by the verdict. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. We have

previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that we do not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the court. Roberts v. State, Okl.Cr., 473 P.2d 264. In the instant case we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The judgment and sentence is accordingly affirmed.

SIMMS and BRETT, JJ., concur.