Gene PAYNE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–73–323.

Court of Criminal Appeals of Oklahoma.

March 7, 1974.

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gene Payne, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Caddo County, Case No. CRM–72–877, for the offense of Sale of Alcoholic Beverage without a License. His punishment was fixed at a term of thirty (30) days imprisonment in the Caddo County Jail and a fine of five hundred dollars ($500). From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the facts are as follows: On December 29, 1972, ABC Agents E. J. Corbin and Sims Farrow were in Caddo County, Oklahoma, for the purpose of investigating violations of the liquor laws. At approximately 9:50 a. m. they drove to the defendant's place of business (Payne's Grocery and Station) located four miles west of Binger, Oklahoma, on State Highway 152. Upon arrival, Agent Farrow got out of the automobile while Agent Corbin remained in the automobile. Farrow had a conversation with the defendant and went to the back of the store where he purchased a half pint of whiskey for $2 from the defendant. The defendant first of-

fered Farrow a half pint of "Kentucky Tavern" and when Farrow refused this brand, the defendant offered him a half pint of "Seagram's Seven" which he purchased. Farrow later obtained a search warrant and, in the company of personnel from the Caddo Sheriff's Office, went back to the defendant's store where the warrant was served on the defendant. The search of the premises resulted in the seizure of a large amount of alcoholic beverages.

For the defense, the defendant testified that he did not sell any whiskey to Agent Farrow, but gave it to him; that he often gave whiskey to patrons during the Christmas season; that he did not have, nor had he ever had, any "Kentucky Tavern" brand whiskey in his store; and, that he made frequent trips to Oklahoma City to purchase commodities for his store and on these trips he would purchase whiskey for other people at their request. The defendant stipulated to the fact that he did not possess a valid liquor license.

Several residents of the county testified that they had asked the defendant to purchase whiskey for them in Oklahoma City and the whiskey that the defendant had purchased has been confiscated; that the whiskey was in the possession of the defendant as a result of their order.

The defendant's first proposition asserts that the search warrant was unlawfully issued. His argument is based on the fact that oral testimony was taken to support the issuance of the search warrant, but was not transcribed and filed. In support of this argument, defendant relies on 22 O.S.1971, § 1224.1, which states:

"Before issuing a search warrant the judge may take oral testimony, sworn to under oath, supplemental to any affidavits. Provided, however, that such oral testimony shall be recorded, such record transcribed forthwith, and filed with the affidavits to support the search warrant."

■ It is our opinion that so long as an affidavit in support of the search warrant shows sufficient probable cause on its face to support the issuance of a search warrant, then it is not necessary for the issuing judge to take oral testimony to supplement the affidavit. However, when the affidavit is not sufficient to show probable cause and the issuing judge does take oral testimony, then the oral testimony must be recorded and transcribed as set out by § 1224.1, supra, before it can be used to supplement the insufficient affidavit. In the instant case, we have carefully reviewed the affidavit in support of the search warrant and find it shows on its face sufficient probable cause for the issuance of a search warrant. See Leonard v. State, Okl.Cr., 453 P.2d 257 (1969). Therefore, oral testimony was not necessary to support the affidavit in the instant case but was mere surplusage and the testimony taken did not need to be recorded and transcribed.

The defendant's second proposition asserts that the trial court erred in admitting evidence of other offenses.

The defendant's contention under this proposition is that the evidence seized as a result of the search warrant (several cases of liquor) was inadmissible as it tended to connect the defendant with a commission of another crime. In support of this proposition, the defendant cites the case of Hawkins v. State, Okl.Cr., 419 P.2d 281 (1966) which holds in Syllabus 2:

"Evidence of other crimes in order to be admissible must come within one of the well-recognized exceptions to the rule. That it tends to establish (1) Motive, (2) Intent, (3) The absence of mistake or accident, (4) A common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and, (5) The identity of a person charged with the commission of the crime on trial."

■ It is our opinion that the complained of evidence was properly admitted for two reasons: (1) to show intent, this being an exception to the above rule; and,

## 697

(2) as part of the res gestae. See Tempy v. State, 9 Okl.Cr. 446, 132 P. 383 (1913) and Swarb v. State, Okl.Cr., 358 P.2d 850 (1961) and cases cited therein.

The defendant's third and final proposition asserts that the District Attorney made prejudicial remarks during his closing argument to the jury.

The record reveals the following closing argument by the District Attorney to the jury:

"I submit to you to find this man not guilty you're going to have to call Mr. Farrow a liar, a trickster . . . someone that's wasted your entire day and you're going to have to call me the same thing because I've been here putting this case on before you. He called . . . Mr. Farrow becomes my law officer when he takes the stand and swears in my court when I'm the prosecuting attorney and I don't put liars on the stand." (Tr. 197)

We believe this was improper argument and invades the province of the jury. However, after careful review of the evidence, we do not believe that the defendant was so prejudiced as to require reversal. There was competent evidence in the record for the jury to base their verdict on and the trial court admonished the jury not to consider the remarks made by the District Attorney. Therefore, by reason of the District Attorney's improper remarks to the jury during closing argument, we believe the judgment and sentence appealed from should be modified from a term of thirty (30) days imprisonment and a fine of five hundred dollars ($500) to a term of thirty (30) days imprisonment and a fine of two hundred and fifty dollars ($250). Affirmed as modified.

BLISS, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):

I would modify the sentence to a fine only.