Jimmie Dale **MATTINGLY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–415.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1974.

Paul Dean Spears, Spears & Hatch, Durant, for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jimmie Dale Mattingly, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Bryan County, Case No. CRF–73–124, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor in violation of 47 O.S.1971, § 11–902, after a prior conviction for the same offense. His punishment was fixed at a term of two (2) years imprisonment and a fine of Five Hundred Dollars ($500.00), and from said judgment and sentence a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts inasmuch as the cause must be reversed.

Defendant's fourth assignment of error alleges that prejudicial and fundamental error occurred during the trial in the prosecutor's closing argument. A part of the prosecutor's argument appearing at pages 92 and 93 in the transcript of trial, to which objection was made, is contained in the following excerpts:

"By Mr. Karnes: Now, I would like to make an illustration about this case, and I don't want to be overdramatic, or overact. Like I say, I guess we are frustrated actors.

"But ladies and gentlemen of the jury, I'd like to show you something. An unloaded pistol (placing an unloaded pistol on counsel table for the State) and I submit to you that if you turn this defendant loose, you might as well give him that pistol right there."

"If you turn him loose, he's gonna leave this Courthouse, and he's gonna go down and get in his car, and he's gonna drive down the street, and he's gonna stop for gas, and while he's getting gas in the car,

"By Mr. Sullivan: (Interrupting) Now, you Honor, I don't want to—I hate to do this, but that's not in evidence. Nobody said he ever had drove a car and went down here and got gas after this jury verdict. Not a bit of it in evidence.

"By the Court: It'll be overruled, exception allowed.

"By Mr. Karnes: While he's stopping to get gas for that car, he's going to go next door and get gassed. There's the ammunition for that pistol.

"I submit to you that you've given him a loaded pistol. Alcohol and gasoline. And he's gonna cock that pistol when he turns on the ignition.

"Now, whether or not he's walking down Main Street with this loaded, cocked pistol, or driving a three thousand pound automobile, is immaterial, if he's gassed."

This argument was highly improper and the defense counsel's objection should have been sustained and the jury advised to disregard it. While we are constantly stating that counsel for the State and defendant should be given great latitude and a wide freedom of expression in presenting their arguments, still we find that argument in the instant case goes outside of the record and is so prejudicial as to require reversal.

A person accused of a crime is entitled to a fair and impartial trial conducted according to established principles of law, the most important of which is, the verdict of the jury should be founded only upon competent evidence. If the defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would provide ways and means for the conviction of the innocent.

We do not believe that the errors complained of can be cured by simply modifying the judgment and sentence rendered

against the defendant. He was effectively denied a fair and impartial trial as guaranteed to him by the Constitution of the United States, and the State of Oklahoma (Const.U.S. Amend. 6; Const.Okl. Art. 2, § 20).

For the reasons herein set forth, the judgment and sentence of the District Court, Bryan County is reversed and the cause is remanded with instructions to again try the accused for the offense.

BLISS, P. J., concurs.