Alfred Perry WOFFORD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–750.

Court of Criminal Appeals of Oklahoma.

July 10, 1978.

Richard A. Hoffman, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Julia T. Brown, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Judge:

Appellant, Alfred Perry Wofford, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–76–3396, with the offense of Murder in the Second Degree, in violation of 1973 Okl.Sess.Laws, Ch. 167, § 2, After Former Conviction of a Felony, 21 O.S.Supp. 1977, § 51. The case was tried to a jury, the defendant was convicted as charged and sentenced to twenty-five (25) years' imprisonment.

The victim of the offense was Sabra Kay Wofford, the defendant's 12-year-old daughter. She was shot in the chest while the defendant and his son-in-law, John Ewing, struggled for possession of a .22 caliber revolver. In support of the charge of Second Degree Murder, the State alleged and proved that the homicide occurred during the commission of a felony by the defendant, to wit: Shooting With Intent to Kill, perpetrated upon the said John Ewing.

The defense was essentially that the defendant shot at John Ewing in self-defense and a stray bullet accidently struck and killed the defendant's daughter. Since the defendant does not contest the sufficiency of the evidence, we see no need to recite it in detail.

■ The defendant's first assignment of error, that the court improperly excused a prospective juror for cause, is unsupported by citation of authority, and we thus decline to consider it. *Sandefur v. State*, Okl. Cr., 461 P.2d 954 (1969).

The defendant's second assignment of error complains of the erroneous admission of certain items of real evidence, to wit: (1) photographs of the crime scene; (2) live ammunition taken from the defendant after the shooting; (3) the "fatal slug," which

had been removed from the victim's body; and, (4) a diagram of the defendant's home.

Regarding the photographs, the defendant raises two arguments. The first is that they do not accurately reflect the scene at the time of the shooting, since after the victim was shot she was moved by her relatives and the ambulance crew in an effort to aid her. The second argument is that the pictures which showed the victim lying dead near the Christmas tree were inflammatory and prejudicial.

■ After carefully examining the photographs, we are of the opinion that they are not gruesome. In addition, testimony at the trial clearly indicated that the incident occurred close to Christmas and that the victim died near the Christmas tree. Although the probative value was cumulative to the testimony of other witnesses, the nongruesome nature of the photographs leads us to conclude that the prejudicial effect did not outweigh the probative value. See, *Thompson v. State*, Okl.Cr., 541 P.2d 1328 (1975).

The defendant takes issue with the admission into evidence of the shells taken from his pocket when he was booked into jail, and the slug which was removed from the victim's body, since the State failed to prove a proper chain of custody.

■ A review of the record reveals that the State did indeed fail to establish a complete chain of custody. However, any error which may have occurred is obviously harmless. No issue was presented concerning the shells and, moreover, even the defendant admitted from the stand that he shot the victim, thus removing from issue any question of whether or not the slug removed from the victim was fired from the defendant's gun. So too, the character of the evidence makes it extremely unlikely that the evidence was tampered with. See, *Dunford v. State*, Okl.Cr., 561 P.2d 579 (1977). Further, the defendant does not contend that the shells introduced in evidence were not in fact the same ones removed from his pocket at the jail, nor does he contend that the slug introduced at trial

was not the same one removed from the victim's body. We therefore conclude that there has been no substantial invasion of the defendant's right to a fair trial, and any error was harmless. Title 20 O.S.1971, § 3001.

The defendant's third proposition relates to a certain diagram which was prepared by a police officer, and which was used at trial as an aid to the testimony of several other witnesses. The diagram was of the defendant's home, and although the policeman who drew it had the actual dimensions of the home, the diagram was not drawn to scale. However, both he and the defendant's wife stated that it was fairly accurate.

■ The defendant's sole contention is that since the diagram was not drawn to scale it was error for the court to permit witnesses to testify with regard to it. This Court has held that such matters are best left to the discretion of the trial court, and that absent an abuse thereof no claim of error will lie. *Kelso v. State*, 96 Okl.Cr. 367, 255 P.2d 284 (1953). We find no abuse of discretion, and the defendant's second assignment of error is therefore without merit.

The defendant's third assignment of error is that the trial court erred by ruling that background information concerning John Ewing, the defendant's son-in-law, was irrelevant and immaterial. The defendant does not state exactly what "background" information he has in mind.

Several times during the trial, the defendant attempted to elicit from various State's witnesses irrelevant information concerning John Ewing, particularly with respect to his employment record. This the court properly excluded.

■ It is true that where a defendant claims to have acted in self-defense, the defendant must be permitted to show previous acts of violence perpetrated on the defendant by the victim, see *Harris v. State*, Okl.Cr., 400 P.2d 64 (1965); but it is also true that this cannot be accomplished through hearsay testimony. Thus, the court properly ruled that the defendant's

witnesses could not testify that someone had told them that John Ewing had beat the defendant several times, as such testimony would be clearly hearsay. The defendant, of course, could and did testify that such occurred, and the defendant's witnesses' observations that they had seen the defendant in a beaten condition were corroborative on this point. Moreover, during cross-examination of the State's witnesses, principally members of the defendant's family, the defendant was properly permitted to elicit the fact that they had observed John Ewing beat the defendant on several occasions.

We note that several times the court sustained the State's objections to inquiry into other aspects of John Ewing's life, principally with regard to his employment record as noted above. However, the court did permit the defendant to show that at the time of the shooting John Ewing had not worked for some time and that he and his family therefore regularly ate at the defendant's home. Inquiry into collateral matters such as these is left in the first instance to the trial court's discretion, and we will not disturb its decision absent an abuse thereof. *Soap v. State*, Okl.Cr., 562 P.2d 889 (1977). All in all, we are of the opinion that the defendant was not unduly restricted in his attempts to present to the jury the "whole picture" of what occurred. The third assignment of error is therefore without merit.

The defendant's fourth assignment of error complains of prejudicial activities by the prosecutor. Concerning the two allegedly improper statements contained within the prosecutor's closing argument, we are of the opinion that they are fair comment upon the evidence. Concerning the alleged attempts by the prosecutor to testify and the admittedly leading nature of some of the questions asked by the prosecutor, we are of the opinion that the defendant has failed to demonstrate prejudice, a necessary prerequisite for any claim of error. See, *Ramsey v. State*, Okl.Cr., 558 P.2d 1179 (1977).

The defendant's final contention is that the punishment is excessive. The defendant was convicted of Second Degree Murder, After Former Conviction of a Felony, for which he received a twenty-five (25) year term, well within the statutory limits. See, 21 O.S.Supp.1977, § 51. In fact, it could be argued that the defendant's 25-year term is less than the sentence he would have received had he been convicted only of second degree murder, without the "after former" charge. In such case, punishment would have been set at ten years to life imprisonment.

The term assessed does not shock the conscience of this Court and it is not excessive. *Ellis v. State*, Okl.Cr., 501 P.2d 221 (1972). Further, no error occurred at trial such as would justify modification of the sentence. The judgment and sentence is AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.