Kelley Spencer WARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–615.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1981.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Richard Parrish, Legal Intern, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Carrying a Firearm into an Establishment Where Beer is Consumed in the District Court of Tulsa County Case No. CRF–78–2863. A punishment of eighteen (18) months imprisonment and a one thousand ($1,000.00) dollar fine was imposed. The appellant represented himself at trial.

The single issue which is dispositive of this appeal involves the propriety of the arguments made by the Tulsa County prosecutor during his closing argument. Any facts necessary for a full understanding of our holding will be set out during the course of the opinion.

This Court tolerates and in fact encourages a reasonable exercise of freedom of speech and a wide range of argumentation during closing argument. See *Green v. State*, 611 P.2d 262 (Okl.Cr.1980); *Carmichael v. State*, 44 Okl.Cr. 160, 279 P. 515 (1928). The freedom of speech and the range of argumentation contemplated, however, extend only to the evidence presented at trial and to reasonable inferences drawn therefrom. See *Bryant v. State*, 585 P.2d

377 (Okl.Cr.1978); *Hathcox v. State*, 94 Okl.Cr. 110, 230 P.2d 927 (1951). Arguments beyond the scope of the evidence can only be intended to arouse the passions and prejudices of the jurors and are improper. See *Polk v. State*, 561 P.2d 558 (Okl.Cr. 1977). Whether such improper arguments require reversal, however, is a question for which there is no general answer. As stated in *Kennamer v. State*, 59 Okl.Cr. 146, 186, 57 P.2d 646, 664 (1936):

It is impossible upon such a subject to formulate a general rule infallibly applicable in all cases. Each case is tested by itself in a measure.

With the above framework in mind, we have examined the closing arguments made by the Tulsa County Prosecutor in the present case. The prosecutor's closing argument covers approximately seven pages in the trial transcript. Of those seven pages, five have been devoted to the prosecutor's attempt to prejudice the rights of the appellant. Portions of the prosecutor's arguments are set out below.

MR. TRUSTER: Again, I can't think of any other trial in which I have been a participant in which such outrageous comments were made or such disrespect shown to the court in this judicial system.

But it's to the credit, I guess, of this great country and this great state that we allow us to be demeaned so that the rights of minorities are protected, the rights of the Kelly Spencer Wards, Sirhan Sirhans, James Earl Rays, any individual who is eccentric or kooky enough to commit any type of offense who can have his day in court. This trial, at one point, reminded me of the celebrated case in Chicago of the Chicago Seven. I'm thankful that this afternoon's proceedings did not take on quite that tenor of that particular trial, but, again, you can observe the demeanor of the witness, and he was a witness, and his credibility in considering who you believe.

His guilt is obvious. The question in this case is whether or not one or more of you will feel so much sympathy for Kelly Spencer Ward that you will accept any-

thing less than the maximum penalty. It grieves me in this particular case to have to tell you, and the Court to tell you, that you, as a jury of 12 reasonable people, can only consider a maximum penalty of two years, that and a $1,000 fine, which, parenthetically, I will ask you for in this instance. Why do I say that? Because in the wisdom of the legislature they recognized certain situations in which homicides, or serious crimes occur in a bar room where weapons are used, much like State's Exhibit Number One, which Mr. Ward purchased, under his own testimony. They recognized that, but yet I fear that in cases like Kelly Spencer Ward's they neglected to make the punishment stiff enough and I ask you to reflect on all of your human resources when you evaluate and assess his penalty as to how much time he will serve on this charge when convicted because if anyone is thinking of a fine, a slap on the wrist, in my opinion, based on the evidence that you heard in this case, the demeanor of that man before this jury, his outrageous allegations, to assess anything less than the maximum would be a supreme miscarriage of justice.

Think about how much time he will serve on two years. I ask you to assess the maximum under the law, under the evidence, of two years and a $1,000 fine.

\* \* \* \* \* \*

MR. TRUSTER: He says you can't secure law and order through the fear of punishment. Members of the jury, if there was no punishment on the books for anything, can you imagine what kind of a society we would live in that we would turn over to the Kelly Spencer Wards, the Sirhan Sirhans, the James Earl Rays? Do you think that your rights as individuals would be protected? I think not.

\* \* \* \* \* \*

MR. TRUSTER: Ladies and Gentlemen, I wish to God that when you retire to deliberate, I hope that you come back with a speedy verdict so that we can tell Kelly Spencer Ward that we don't appreciate this type of behavior in a court of law. That we don't appreciate having to endure his threats, insults and every other thing that you have heard in this trial. If you give him less than two years, I'll be sorely disappointed in this jury and I know that you are reasonable people and I know that you will do what's right because only when you say to him, 'Nuts, Mr. Ward, we're not going to put up with it as citizens, 'can you do what's right. You have worked hard to get where you are at. You went through the system. He spits on the system. Find him accountable and give him the maximum, for how much time will he indeed do on two years?

There can be no doubt as to the impropriety of the quoted remarks. The prosecutor went outside of the evidence produced at trial. He appealed to the jury to punish the appellant for his conduct at trial rather than the offense for which the trial was being held. He argued that by according rights to minorities, society has somehow been demeaned. He argued that the appellant was in the same class as convicted killers. He insinuated that appellant had the gun in the bar in order to commit a homicide. Finally, he made comments on the pardon and parole system. We have condemned similar arguments in the past. See *Meggett v. State*, 599 P.2d 1110 (Okl.Cr. 1979); *Cooper v. State*, 584 P.2d 234 (Okl. Cr.1978); *McKee v. State*, 576 P.2d 302 (Okl.Cr.1978); *Hildahl v. State*, 536 P.2d 1292 (Okl.Cr.1975); *Evans v. State*, 541 P.2d 269 (Okl.Cr.1975); *Mattingly v. State*, 527 P.2d 24 (Okl.Cr.1974).

The State, in its brief, asserts that any errors in the closing argument were not properly preserved because they were not objected to at trial. See *Luker v. State*, 552 P.2d 715 (Okl.Cr.1976). In most cases the State's assertion would be correct. Nevertheless, in cases such as the present one where nearly the whole closing argument is fraught with error, the proceedings take on a fundamental unfairness which this Court cannot condone. See *Reeves v. State*, 601 P.2d 113 (Okl.Cr.1979). Even in light of the overwhelming evidence of the appellant's

guilt, the prosecutor's remarks are so prejudicial as to require this Court to reverse. We will not tolerate arguments grossly unwarranted and calculated solely to inflame the passions and prejudices of the jury.

For the above and foregoing reasons, we hold that the appellant has been denied a fair trial and as a result this case is REVERSED and REMANDED to the district court.

BRETT, P. J., concurs.

BUSSEY, J., dissents.