**James Charles ABBOTT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–471.**

Court of Criminal Appeals of Oklahoma.

May 20, 1986.

Rehearing Denied June 20, 1986.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen. Deputy Chief, Criminal Div., and Patricia A. Flanagan, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James Charles Abbott, was convicted of the crime of Assault with Intent to Commit Oral Sodomy After Former Conviction of Two or More Felonies in Case No. CRF–82–75 in the District Court of Seminole County and was sentenced to a term of twenty (20) years imprisonment, and he appeals.

On May 17, 1982, D.H. was working at her father's bar in Maud, Oklahoma, while he was ill. As she sat reading a book in the bar, the appellant entered the bar and asked her to play a game of pool. After they began to play pool, the appellant grabbed her and asked to fondle her breasts. D.H. struggled, but appellant pushed her back on the pool table, ripped her shirt, and told her that he was going to rape her. As she continued to struggle, the appellant hit her several times, threw her to the floor, exposed himself, and told her that she was going to have to "suck him." The victim then kicked him in the groin, escaped to the restroom and locked the door. After a short time, she heard someone enter the bar, and she opened the restroom door and asked the customer to call for help. Although both phones had been damaged, the customer repaired one and contacted the police and the victim's father.

The deputy sheriff who responded to the call testified that when he arrived the victim was crying and trembling, that her

shirt was torn open, and that she had a facial cut and bruises.

At trial, the appellant presented testimony of two friends who testified to the effect that a sexual relationship existed between the appellant and the victim. The appellant testified that he went to the bar on May 17 to terminate the relationship and that the victim fabricated the story in retaliation. He stated that the victim's injuries were either self-inflicted, or the result of the fact that he shoved her when she attempted to call his wife. The appellant admitted that he had been previously convicted of five felonies.

 The appellant first contends that improper prosecutorial comments during closing argument deprived him of a fair trial. We note that none of the allegedly improper comments drew either an objection or a request that the jury be admonished to disregard the remarks. Consequently, appellate review is waived except for fundamental error. *Newbury v. State*, 695 P.2d 531 (Okl.Cr.1985). We find that none of the remarks are so fundamentally prejudicial that the court could not, by instructions to the jury, correct the error. Therefore, the error, if any, was waived.

 Moreover, in light of the strong evidence of appellant's guilt, and the fact that the jury imposed the minimum sentence allowed by law, we are of the opinion that appellant has wholly failed to show that any prejudice resulted from the allegedly improper comments. *Wofford v. State*, 581 P.2d 905 (Okl.Cr.1978). This assignment of error is without merit.

The appellant next contends that the State improperly used other crimes evidence related to claims that the appellant also intended to rape the victim. We disagree.

 Initially, we note that the alleged improper testimony was not objected to at trial and was therefore waived. *Newbury* at 536. Moreover, the testimony of the victim that during the attack the appellant told her he was going to rape her is part of the entire transaction and is clearly admis-

sible. *Bruner v. State*, 612 P.2d 1375 (Okl. Cr.1980).

 The appellant additionally argues that the trial court erred in failing to give a cautionary instruction to the jury regarding the limited purpose of evidence of other crimes. However, as appellant failed to request a cautionary instruction, this assignment of error was also waived. *Scott v. State*, 663 P.2d 17 (Okl.Cr.1983). This assignment of error is without merit.

Finding no error warranting modification or reversal, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

I dissent. In my opinion, the closing argument by Assistant District Attorney Chris Ross was so improper that "the lack of contemporaneous objection is not controlling ... [as] the errors complained of are fundamental and prejudicial to the appellant's right to a fair trial" *Langdell v. State*, 657 P.2d 162, 164 (Okl.Cr.1982).

The *ABA Standards for Criminal Justice*, adopted by this Court in *Tart v. State*, 634 P.2d 750 (Okl.Cr.1981), provide that it shall be unprofessional conduct for a prosecutor to "express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant." *ABA Standards*, § 5–8(c). Yet, from the outset of his summation, the prosecutor claimed "[t]he Defense wants you to believe the story, Ladies and Gentlemen, a *fairy tale* involving explicit, illicit sexual affair." (Emphasis added). From that beginning, the prosecutor referred to the appellant's defense as "an unbelievable fairy tale this man and his friends have told you." He called appellant's testimony "so unbelievable ... completely and totally unbelievable." Assistant D.A. Ross also claimed that the appellant "ridiculed [the victim] through the slanderous lies of [appellant] and his friends." We have re-

peatedly held that accusations an appellant has lied are improper. *See Cowles v. State,* 636 P.2d 342, 345 (Okl.Cr.1981). *See also Cobbs v. State,* 629 P.2d 368, 369 (Okl.Cr.1981). This line of argument is equally improper when directed to the testimony of defense witnesses. *Ray v. State,* 510 P.2d 1395 (Okl.Cr.1973). Furthermore, the prosecutor twice accused defense counsel of attempting to "blur [the jury's] focus" of the issues. This argument was improper. *See Cannon v. State,* 507 P.2d 584 (Okl.Cr.1973). *See also Fulks v. State,* 481 P.2d 769 (Okl.Cr.1971), (accusing counsel of creating a "smokescreen"). Finally, the prosecutor ought to vouch for the veracity of the victim, a practice we have repeatedly decried. *See Sisk v. State,* 487 P.2d 1003 (Okl.Cr.1971); *Payne v. State,* 520 P.2d 694 (Okl.Cr.1974). I am also particularly concerned by the prosecutor's claim that "this isn't the first time she (the victim) told this story. She told it to me. She told it at the preliminary hearing and that was a year and a half ago." We have previously condemned similar comments. *See Cole v. State,* 83 Okl.Cr. 254, 175 P.2d 376 (1946) (prosecutor's claim that the witness's statement "was the same as it was the first time he hold it to him," held improper).

The State responds, in part, that these arguments were not prejudicial in light of the overwhelming evidence of guilt. *Brief of Appellee,* p. 15. Although I do not believe the evidence here can fairly be called "overwhelming," the State is directed to recall our statement in *Ward v. State,* 633 P.2d 757 (Okl.Cr.1981), that even if the evidence is overwhelming, "in such cases ... where the whole closing argument is fraught with error, the proceedings take on a fundamental unfairness which this Court cannot condone." *Id.* at 759. A denial of fundamental fairness constitutes a denial of due process under our State and Federal constitutions. Ross' argument was replete with improper comments. This case should be reversed, and appellant afforded a trial free from prejudice.