Thomas Mark HINES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–166.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1986.

J. Hugh Herndon, Midwest City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Mary Quinn, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Thomas Mark Hines, was convicted of the crime of Resisting Arrest in the District Court of Oklahoma County in Case No. CRM–83–5970, and was sentenced to one (1) year imprisonment, which was suspended, directed to serve two hundred (200) hours of community service and fined fifty dollars ($50). He now appeals.

Briefly stated the facts are that on December 3, 1983, in Luther, Oklahoma a Luther police officer observed a pickup truck drive past him going fifty-one (51) miles per hour in a twenty-five (25) mile per hour zone. The officer turned on his patrol lights and pursued the truck, but the truck

failed to stop. After the officer pursued the truck for approximately one and one-half (1½) miles at speeds of up to seventy (70) miles per hour, the appellant finally stopped the truck. When the appellant got out of the truck the officer smelled an odor of alcohol and observed that the appellant was staggering. The officer then administered a field sobriety test which the appellant was unable to successfully perform. At that point, the officer arrested the appellant, but as the officer attempted to handcuff him, he struck the officer in the eye and then in the chest and ran into a wooded area. The officer then called for reinforcements and a search was initiated; however, the officers were unable to locate the appellant. The officer filed charges against the appellant at the Luther Police Department.

The appellant testified in his own behalf that he was neither drunk nor speeding and that he resisted arrest because he feared for his life. Additionally, the appellant presented the testimony of other witnesses who testified to the effect that he was not intoxicated the night the crime occurred.

The appellant contends that because he was found not guilty of driving under the influence, the arrest was illegal, and he was justified in resisting the officer. We disagree.

■ The stop and subsequent arrest of the appellant were clearly lawful in the instant case. The officer initially stopped the appellant for exceeding the speed limit by twenty-six (26) miles per hour. When the appellant exited his vehicle, the officer observed that the appellant had a strong odor of alcohol and staggered when he walked. After the appellant could not successfully perform a field sobriety test administered by the officer, the officer attempted to arrest the appellant.

Title 22 O.S.1981, § 196 provides in pertinent part:

A police officer may, without a warrant, arrest a person:

1. For a public offense, committed or attempted in his presence....

We are of the opinion that the officer reasonably believed that the offense of driving under the influence was committed in his presence; thus, his attempt to arrest the appellant was clearly legal notwithstanding the fact that he was ultimately found not guilty of driving under the influence by a jury. Therefore, this assignment of error is without merit.

■ The appellant next contends that the trial court erred in not instructing the jury that it is legal to resist an illegal arrest and that since the jury found him not guilty of driving under the influence, for which he was arrested, then he had a right to resist the illegal arrest. However, having found that the arrest was legal, we further find that the trial court had no obligation to instruct the jury on the right to resist an arrest. This assignment of error is without merit.

■ As his final assignment of error, the appellant maintains that the trial court erred in not giving an instruction on self defense concerning the officer's alleged assault upon the appellant. However, as appellant failed to support this contention with citations of authority, we will not consider this assignment of error on appeal. *Wofford v. State*, 581 P.2d 905 (Okl.Cr. 1978). This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.